IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL BAVARO, derivatively on behalf of VANDA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIHAEL H. POLYMEROPOULOS, M.D., JAMES KELLY, GIAN PIERO REVERBERI, H. THOMAS WATKINS, MICHAEL F. COLA, RICHARD W. DUGAN, VINCENT J. MILANO, and KENNETH BATE, <br><br> Defendants, <br><br> and <br><br> VANDA PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Civil Action No. 19-1701-CFC |

## MEMORANDUM ORDER

The claims in this stockholder derivative action are, to use Plaintiff's words, "premised on the same facts" that underlie the derivative action styled *Williams v. Polymeropoulos*, No. 1:19-cv-04293-FB-LB (E.D.N.Y.) that was filed in the Eastern District of New York months before this action was filed. D.I. 20 at 20.

Defendants have moved to transfer this case to the Eastern District where, in addition to the *Williams* case, there is a pending class action suit (*Gordon v. Vanda Pharm. Inc.*, No. 1:19-cv-01108-FB-LB (E.D.N.Y.)). Plaintiff's allegations in this case arise out of the same underlying facts alleged in the *Gordon* case. *Compare* D.I. 1 ¶¶ 231–315 (alleging false and misleading statements and omissions concerning Fanapt), *and id.* ¶¶ 316–383 (alleging false and misleading statements and omissions concerning Hetlioz), *and id.* ¶¶ 384–405 (alleging false and misleading statements and omissions concerning tradipitant) *with* Amended Complaint, *Gordon*, No. 1:19-cv-01108-FB-LB, D.I. 29 ¶¶ 233–317 (alleging false and misleading statements and omissions concerning Fanapt), *and id.* ¶¶ 318–385 (alleging false and misleading statements and omissions concerning Hetlioz), *and id.* ¶¶ 386–407 (alleging false and misleading statements and omissions concerning tradipitant). Defendants have moved in the alternative for a stay of this case pending the resolution of the *Gordon* case.

I will deny Defendants' motion without prejudice and instead *sua sponte* stay this case pending the resolution of the *Williams* case. Plaintiff admits that the facts underlying *Williams* and this case are identical. *Williams* was filed first; staying this case will simplify the issues in question and promote judicial economy; and Plaintiff will suffer no prejudice as a result of the stay.

2

Accordingly, a stay is justified. *See Husqvarna AB v. Toro Co.*, 2016 WL 5213904, at *1 (D. Del. Sept. 20, 2016).

In the event the *Williams* case is resolved before the *Gordon* case, Defendants can refile their motion.

Wherefore, this 18th day of February 2020, IT IS HEREBY ORDERED that Defendants' motion to transfer or, in the alternative, stay proceedings (D.I. 14) is DENIED and the case is STAYED pending the resolution of *Williams v. Polymeropoulos*, No. 1:19-cv-04293-FB-LB (E.D.N.Y.).

                                                                _____
                                                                 United States District Judge